## MELLEN v. BANNING et al.

*(Supreme Court, General Term, First Department. November 13, 1891.)*

SETTING ASIDE FRAUDULENT CONVEYANCE—PARTIES—INFANT CHILDREN OF GRANTOR.
In an action for the construction of a will and to remove a cloud on the title of lands, brought by the grantee of a deceased devisee, wherein defendants alleged that plaintiff claims under a fraudulent conveyance executed by the devisee, the infant children of such deceased devisee are proper parties defendant, since they must succeed to the title or interest of their father in the property conveyed, if the deed should be set aside.

Appeal from special term, New York county.

Action by Sarah E. Mellen against William C. Banning, executor of Abner Mellen, deceased, Gordon McKay Mellen, Stanley Mellen, and Evelyn Mellen, infant children of Abner Mellen, Jr., deceased, and others, for the construction of the will of Abner Mellen, deceased, and to remove a cloud on the title of land. From an order denying a motion to strike out the names of the three infant defendants the executor and other adult defendants appeal. Affirmed. For former report, see 14 N. Y. Supp. 665.

Argued before DANIELS and LAMBERT, JJ.

*George Hill,* for appellant William C. Banning. *William C. Trull,* for appellants Helen J. Banning, Maria L. Kendall, Abner M. Wilcox, and Winnifred Wilcox. *Henry Daily, Jr.,* for respondent Sarah E. Mellen. *Alfred T. Ackert,* for respondent guardian *ad litem* of three infants.

LAMBERT, J. It may be assumed, in disposing of this appeal, that by the fifth clause of the will of Abner Mellen, deceased, one undivided one-fourth of the lands owned by the deceased at the time of his death vested in Abner Mellen, Jr., and by the death of Ellen Mellen intestate, he became seized of one undivided one-sixteenth thereof, so that at the time of making the conveyance to the plaintiff he was the owner of five-sixteenths of the lands devised by the fifth clause of the will of his father, Abner Mellen, deceased. November 5, 1888, Abner Mellen, by an instrument alleged to be sufficient in form for the purpose, conveyed the five-sixteenths of said lands to his wife, the plaintiff, and thereafter, and on November 30, 1888, she commenced an action for a partition thereof. All of the parties to this action except the infants were made defendants. The defendants in that action, except her husband, Abner Mellen, Jr., asserted, by allegations contained in answer served in said action, that the deed of conveyance from Abner, Jr., to his wife, the plaintiff, was void for fraud, and in this action again allege that the conveyance of the interest and title of Abner, Jr., to the plaintiff was made and accepted with a fraudulent intent, and for a like purpose. If the defendants should succeed upon this issue in either case, then the infant defendants would succeed to the title and interest of their father, the grantor, in which event it must be conceded they would be necessary parties to this action. The motion was properly disposed of at special term, and the decision is affirmed, with $10 costs and disbursements of the respondents.